# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| KFS Marketing, Inc., § <br> § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> Wyld Gear LLC, § <br> § <br> Defendant. § | Cause No. 5:19-CV-1004 <br><br> **JURY DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR UNFAIR COMPETITION AND COMMON LAW TRADEMARK INFRINGEMENT

### JURY DEMAND

Plaintiff KFS Marketing, Inc. demands a trial by jury on all issues and alleges as follows:

### PARTIES

1. Plaintiff KFS Marketing, Inc. ("KFS") is a corporation organized and existing under the laws of the State of Texas and having its principal place of business at 601 S. Main, Schulenburg, Texas 78956.

2. Defendant Wyld Gear LLC ("Wyld Gear") is a limited liability company organized and existing under the laws of the State of Wyoming and having its principle place of business at 302 S. David St. Suite 100, Casper, Wyoming 82601.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 1338(b) and 1367(a) because this action involves a claim arising under the

trademark laws of the United States, 15 U.S.C. § 1051, *et seq*.; a claim of unfair competition joined with a substantial and related claim under the trademark laws; and other claims that are so related to claims in the action within the original jurisdiction of this Court that they form part of the same case or controversy.

4. Personal jurisdiction is proper in this forum because Wyld Gear has advertised to, conducted business with, generated income from, and provided customer service to residents of the State of Texas and this judicial district, and venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a), 1391(b)(1) and/or 1391(b)(2), 1391(c)(2), and 1391(d) because defendant Wyld Gear resides in this judicial district, and all defendants are residents of the State of Texas; and/or a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

FACTS

5. KFS has adopted and used in commerce the trademark THE PARTY CUP on and in connection with reusable plastic drinking cups since at least as early July 29, 2013.

6. Since adopting its THE PARTY CUP mark, KFS has, through its related entity Prime Products, Inc., sold in commerce approximately nine (9) million of its high quality double-walled reusable plastic drinking cups having KFS' THE PARTY CUP mark, accompanied by the trademark notice "TM," permanently embossed thereon.

7. KFS has expended substantial time, capital and other resources to promoting brand recognition for its THE PARTY CUP drinking cups, which, as a consequence, have been broadly distributed internationally, and throughout the United States.

8. KFS has sought federal registration of its THE PARTY CUP mark through U.S. trademark application Serial No. 88/334,192 filed March 11, 2019 ("the KFS Application").

9. On or about May 20, 2019, the U.S. Patent and Trademark Office issued an official action for the KFS Application, from which action KFS learned for the first time that Wyld Gear purportedly intended to adopt the mark THE OFFICIAL PARTY CUP for use on or in connection with cups; double wall cups; double wall cups with lids; double wall cups with lids and straws; drinking cups sold with lids therefor, as reflected in U.S. trademark application Serial No. 88/211,165 filed November 29, 2018 ("the Wyld Gear Application").

10. On May 29, 2019, KFS timely filed with the U.S. Patent and Trademark Office an opposition to the registration by Wyld Gear of the THE OFFICIAL PARTY CUP mark, as requested through the Wyld Gear Application.

11. Wyld Gear had actual notice of KFS' adoption and use of KFS' THE PARTY CUP mark at least as early as May 30, 2019.

12. Subsequent to opposing registration by Wyld Gear of the THE OFFICIAL PARTY CUP mark, KFS became aware that Wyld Gear had begun to make use of at least the THE OFFICIAL PARTY CUP mark and the mark OFFICIAL PARTY CUP, each being used in commerce by Wyld Gear on and in connection with drinkware.

13. Since May 30, 2019, Wyld Gear has expanded its use in commerce of the THE OFFICIAL PARTY CUP mark on or in connection with drinkware.

14. Since May 30, 2019, Wyld Gear has expanded its use in commerce of the OFFICIAL PARTY CUP mark on or in connection with drinkware.

15. Wyld Gear operates an Internet website at https://www.wyldgear.us/ (the Wyld Gear website).

16. Wyld Gear sells THE OFFICIAL PARTY CUP and OFFICIAL PARTY CUP branded drinkware through the Wyld Gear website.

17. Wyld Gear advertises that it will ship THE OFFICIAL PARTY CUP and OFFICIAL PARTY CUP branded drinkware sold through the Wyld Gear website anywhere in the United States.

18. Wyld Gear provides sales and other customer support through the Wyld Gear website, and also provides contact information on the Wyld Gear website for telephone support.

19. Wyld Gear has, through the Wyld Gear website, made multiple sales to residents of the State of Texas.

20. Wyld Gear has, through the Wyld Gear website, made multiple sales to residents of the State of Texas residing in this judicial district.

21. Wyld Gear has, through the Wyld Gear website, provided customer support to a resident of the State of Texas.

22. Wyld Gear has, through the Wyld Gear website, provided customer support to a resident of the State of Texas residing in this judicial district.

23. Wyld Gear has injected its THE OFFICIAL PARTY CUP and OFFICIAL PARTY CUP branded drinkware into the nationwide stream of commerce through its sales on the national retail website https://www.amazon.com/.

24. Wyld Gear has, through the https://www.amazon.com/ website, made a sale to a resident of the State of Texas.

25. Wyld Gear has, through the https://www.amazon.com/ website, made a sale to a resident of the State of Texas residing in this judicial district.

26. On information and belief, and as reflected in customer reviews present on its Wyld Gear facebook.com social media site, Wyld Gear sells to and engages with Texas residents in a percentage volume approximately equal to the percentage of the population of the United States that resides within the State of Texas.

## COUNT 1:
## UNFAIR COMPETITION – PASSING OFF

27. KFS utilizes the trademark "THE PARTY CUP" in the interstate commerce of its reusable plastic drinking cups.

28. The trademark "THE PARTY CUP" is distinctive, and serves as an indicator of source for KFS' reusable plastic drinking cups.

29. Wyld Gear has utilized the mark "THE OFFICIAL PARTY CUP" in the interstate advertising and sale of drinkware that in no manner emanated from, or were sponsored or approved by, KFS.

Plaintiff's Original Complaint for Unfair
Competition and Common Law Trademark Infringement

Page 5

30. Wyld Gear's utilization of the mark "THE OFFICIAL PARTY CUP" for the sale of drinkware creates a likelihood of confusion in the minds of potential consumers, in violation of 15 U.S.C. § 1125(a).

## COUNT 2:
## UNFAIR COMPETITION – PASSING OFF

31. Paragraphs 27 and 28 are repeated.

32. Wyld Gear has utilized the mark "OFFICIAL PARTY CUP" in the interstate advertising and sale of drinkware that in no manner emanated from, or were sponsored or approved by, KFS.

33. Wyld Gear's utilization of the mark "OFFICIAL PARTY CUP" for the sale of drinkware creates a likelihood of confusion in the minds of potential consumers, in violation of 15 U.S.C. § 1125(a).

## COUNT 3:
## COMMON LAW TRADEMARK INFRINGEMENT

40. KFS is the senior user in association with reusable plastic drinking cups of the trademark "THE PARTY CUP," which is a mark that is eligible for protection under the common law of the State of Texas.

41. KFS utilizes the trademark "THE PARTY CUP" in the commerce within the State of Texas of its reusable plastic drinking cups.

42. The trademark "THE PARTY CUP" is distinctive, and serves as an indicator of source within the State of Texas for KFS' reusable plastic drinking cups.

43. Wyld Gear has utilized the mark "THE OFFICIAL PARTY CUP" in the advertising and sale within the State of Texas of drinkware that in no manner emanated from, or were sponsored or approved by, KFS.

44. Wyld Gear's utilization of the mark "THE OFFICIAL PARTY CUP" for the sale within the State of Texas of drinkware creates a likelihood of confusion in the minds of potential consumers, in violation of the common laws of the State of Texas.

## COUNT 4:
## COMMON LAW TRADEMARK INFRINGEMENT

45. Paragraphs 40 through 42 are repeated.

46. Wyld Gear has utilized the mark "OFFICIAL PARTY CUP" in the advertising and sale within the State of Texas of drinkware that in no manner emanated from, or were sponsored or approved by, KFS.

47. Wyld Gear's utilization of the mark "OFFICIAL PARTY CUP" for the sale within the State of Texas of drinkware creates a likelihood of confusion in the minds of potential consumers, in violation of the common laws of the State of Texas.

## RELIEF SOUGHT

WHEREFOR, KFS requests:

(1) that Wyld Gear and its officers, agents, servants, employees, successors and assigns, and all other persons who are in active concert or participation with any of them, be enjoined temporarily, during the pendency of this action and permanently from using the THE PARTY CUP mark or any confusingly similar mark, including in particular THE OFFICIAL PARTY CUP and OFFICIAL PARTY CUP;

(2) that Wyld Gear be required to:

(a) account for all gains, profits and advantages derived through its unfair competition and trademark infringement, and

(a) pay to KFS, such damages as KFS has sustained in consequence of Wyld Gear' unfair competition and trademark infringement;

(3) that all money damages awarded to KFS be enhanced and an assessment of interest be made against Wyld Gear;

(4) that Wyld Gear be required to deliver up to the Court to be impounded during the pendency of this action and for destruction thereafter all advertisements, catalogs, brochures and other printed material relating to any drinkware product in its possession or under its control that carry the mark or designation "THE PARTY CUP" or "THE OFFICIAL PARTY CUP" or "OFFICIAL PARTY CUP" or any variations of those trademarks or any trademark confusingly or deceptively similar to KFS' trademark "THE PARTY CUP;"

(5) that Wyld Gear be required to pay to KFS the costs of this action and reasonable attorneys' fees to be allowed to KFS by the Court;

(6) That Wyld Gear be required to pay to KFS an amount sufficient to place corrective advertisement of scope similar to each advertisement placed by the Wyld Gear before and during this action; and

(7) That KFS have such other and further relief as is just and equitable.

(End of this Page)

Respectfully submitted on August 16, 2019,

                                  WAYNE J. COLTON, INC.

By:   /s/ Wayne J. Colton
      Wayne J. Colton
      Texas State Bar 24029488
      405 N SAINT MARYS ST STE 900
      SAN ANTONIO TX 78205-2326
      Telephone: 210 222 8455
      Facsimile: 210 222 8445
      E-mail: colton@wjci.com

      ATTORNEY FOR PLAINTIFF

Plaintiff's Original Complaint for Unfair
Competition and Common Law Trademark Infringement

Page 9